## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| **GARY ELLISON** | MAGISTRATE JUDGE NOLAN   **JUDGE COAR** |
| Plaintiff, | )<br>) **05C   6236** |
| vs. | )<br>) No. _____ |
| **COOK COUNTY SHERIFF MICHAEL F.** | ) |
| **SHEAHAN, individually and in his official** | ) **FILED** |
| **capacity, COUNTY OF COOK, a body politic** | ) |
| **unit of local government, DEPUTY SHERIFF** | ) OCT 2 8 2005 |
| **JOHN DOE BAILEY, individually and in his** | ) |
| **official capacity, and UNKNOWN DEPUTY** | ) MICHAEL W. DOBBINS |
| **SHERIFFS individually and in their official** | ) CLERK, U.S. DISTRICT COURT |
| **capacities,** | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

### COMPLAINT

**NOW COMES**, the Plaintiff, **GARY ELLISON**, by and through his attorneys, The Law Offices Anderson J. Ward, P. C., complaining of the COOK COUNTY SHERIFF MICHAEL F. SHEAHAN, COUNTY OF COOK, a body politic of local government, JOHN DOE BAILEY, individually and in his official capacity, and UNKNOWN DEFENDANTS, individually and in their official capacities, and states as follows:

### PARTIES

1.  Plaintiff, GARY ELLISON ("ELLISON"), is a United States citizen and has been a resident and citizen of the State of Illinois at all times relevant to this action. At the time of the conduct complained of, ELLISON was a detainee of the Cook County Department of Corrections, Division XI, which is located at 3015 South California, Chicago, Illinois.

2.  Defendant, COOK COUNTY SHERIFF MICHAEL F. SHEAHAN, was at all time relevant hereto an employee of the COUNTY OF COOK, with the ultimate responsibility for managing the Cook County Department of Corrections and its employees.

3.	Defendant, COUNTY OF COOK, was, at all times relevant hereto, a body politic unit of local government that employs correctional officers and medical staff at a correctional facility unit identified herein as the Cook County Department of Corrections and a medical facility identified herein as Cermak Health Services, and is responsible for the employment, training and supervision of Cook County correctional officers, Cook County correctional department medical staff and the individual Defendants in this action.

4.	Defendant, JOHN DOE BAILEY, a Cook County Correctional officer, the complete identity and number of whom is presently unknown to the Plaintiff, was, at all times relevant hereto, a Cook County Correctional officer acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and the COUNTY OF COOK.  This action is brought against the Defendant individually and in his official capacity.

5.	Defendants, UNKNOWN Cook County Correctional officers and officials, the identity and number of whom is presently unknown to the Plaintiff, were, at all times relevant hereto, Cook County Corrections officers, employees and officials acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and the COUNTY OF COOK.  This action is brought against these Defendants individually and in their official capacities.

**JURISDICTION**

6.	This is an action for money damages in the amount of $500,000.00, brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution and under the common law of the State of Illinois.

7.	Jurisdiction is based upon 28 U.S.C. §§1331 and 1343.

8.	Pursuant to 28 U.S.C. §1367, the supplemental jurisdiction of this Court is invoked over all other claims that are so related to claims in this action within the Court's original jurisdiction.

9.	Various acts and omissions alleged herein were engaged in and carried out by, between and among Defendant, SHERIFF'S DEPUTY JOHN DOE BAILEY, while said

2

defendant was employed as a member of the COUNTY OF COOK DEPARTMENT OF CORRECTIONS, and/or while officials, responsible for the administration, supervision and control of said municipal or local governmental unit.

10. Various acts and omissions alleged herein were engaged in and carried out by, between and among Defendants, UNKNOWN SHERIFF'S DEPUTIES, while said defendants were employed as members of the COOK COUNTY DEPARTMENT OF CORRECTIONS and/or while officials, responsible for the administration, supervision and control of said municipal or local governmental unit.

11. Various acts and omissions alleged herein were committed as a result of governmental custom, practice and policy, which were so permanent and well-settled that it constituted custom, practice or policy which had the force of law.

## VENUE

12. Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Section 1391(b).

## STATEMENT OF FACTS

13. ELLISON was a detainee in the Cook County Department of Corrections and placed in Division XI, Pod CG.

14. ELLISON was moved from Pod CG to Pod DD because his cell door would not lock.

15. ELLISON, unfamiliar with mandatory recreation procedures on Pod DD requested no recreation.

16. ELLISON was moved from DD to segregation for one day and then to Pod BF, the Pod where older males for two weeks detainees are held.

17. ELLISON subsequently was moved on to Pod DD.

18. ELLISON suddenly, and without notice, was moved to another Pod within Division XI.

19. ELLISON was not given an opportunity to remove all of his personal belongings, consisting of clothing, underwear and toiletries before he was moved.

20. ELLISON was told to request his personal belongings from a "white shirt," i.e., a commanding officer on the Pod.

3

21. ELLISON made the request for several days without receiving his belongings.

22. ELLISON made a request to the Pod's wing officer BAILEY to retrieve his belongings.

23. BAILEY told ELLISON that he would get his belongings each day for four days; however, each day BAILEY failed to deliver ELLISON's personal property.

24. On October 28, 2004, ELLISON asked BAILEY about his failure to retrieve his personal belongings as requested.

25. BAILEY became violently angry.

26. As ELLISON stood near door of his cell, BAILEY armed with a wooden broom handle with a sharp end, began to shove the stick through the "chuck hole" striking ELLISON in the chest with the sharp pointed end.

27. ELLISON fell back into his cell writhing in pain from the injury.

28. BAILEY then ordered ELLISON out of his cell.

29. ELLISON refused and requested that BAILEY'S superior officer, a "white shirt," be summoned so that he could make a complaint.

30. BAILEY then attacked ELLISON, beating him about the head and body with his fist and feet.

31. ELLISON, in fear for his life, began to yell and scream.

32. BAILEY grabbed ELLISON by his arms and slammed him into the cell door.

33. ELLISON temporarily lost consciousness and awoke to being handcuffed with his arms behind his back.

34. BAILEY was joined by four UNKNOWN SHERIFF'S DEPUTIES who assisted BAILEY in assaulting and battering ELLISON.

35. BAILEY and the UNKNOWN SHERIFF'S DEPUTIES attacked and continued to beat ELLISON by lifting him up by his handcuffed arms and slamming him head first into the concrete floor of the jail.

36. The DEPUTIES slammed ELLISON into the floor several times causing severe injuries to his face and head.

37. ELLISON was taken to Cermak Health Services in the late evening after his attack.

38. In the early morning hours ELLISON was taken to John Stroger Cook County HOSPITAL by ambulance for emergency medical treatment.

4

39. At Stroger Hospital, ELLISON was treated for a fractured eye socket, various lacerations to his head and face, and bruises about his body.

40. The actions of DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES were deliberate and calculated to cause harm to the Plaintiff.

41. As a direct and proximate result of said acts of the Defendants DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Eighth and Fourteenth Amendments to the Constitution for cruel and unusual punishment.

    b. Physical pain and suffering, humiliation and embarrassment, and emotional trauma and suffering, requiring medical treatment.

42. The actions of the Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, violated the following clearly established and well-settled constitutional rights of the Plaintiff:

    a. No cruel or unusual punishment.

    b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

    c. Freedom from punishment without due process of law.

## COUNT I - EXCESSIVE FORCE
### (Deputy Sheriff John Doe Bailey)

43. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

44. Defendant, DEPUTY JOHN DOE SHERIFF BAILEY, assaulted and battered Plaintiff, without justification or provocation.

45. Defendant, BAILEY, stuck Plaintiff with a sharp wooden stick.

46. Defendant, BAILEY, beat Plaintiff about the head and body.

47. The force used by Defendant against Plaintiff was excessive and unreasonable.

48. Defendant inflicted and caused Plaintiff to suffer bodily injury.

49. Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendants for violations of his constitutional rights under color of law.

5

WHEREFORE, the Plaintiff, GARY ELLISON prays that this Honorable Court;

A.   Award compensatory damages to Plaintiff against Defendant DEPUTY SHERIFF JOHN DOE BAILEY.

B.   Award punitive damages against the Defendant individually.

C.   Award reasonable attorney's fees and costs to the Plaintiff.

D.   Award to Plaintiff such other and further relief as this Court may deem appropriate.

## COUNT II - EXCESSIVE FORCE
### (Individual Sheriff's Deputies)

50.  Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

51.  Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, assaulted and battered Plaintiff, without justification or provocation.

52.  Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, slammed Plaintiff's face into the concrete shattering his eye socket.

53.  The force used by Defendants against Plaintiff was excessive and unreasonable.

54.  Defendants inflicted and caused Plaintiff to suffer bodily injury.

55.  Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendants for violations of his constitutional rights under color of law. WHEREFORE, the Plaintiff, GARY ELLISON, prays that this Honorable Court;

A.   Award compensatory damages to Plaintiff against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, jointly and severally.

B.   Award punitive damages against the Defendants jointly and severally.

C.   Award reasonable attorney's fees and costs to the Plaintiff.

D.   Award to Plaintiff such other and further relief as this Court may deem proper and just.

## COUNT III - VIOLATION OF CIVIL RIGHTS
### (Individual Sheriff's Deputies)

56. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

57. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, of the Cook County Department of Corrections, knowingly and wilfully denied Plaintiff, ELLISON, reasonable and adequate protections from violations of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

58. Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers, for violations of his constitutional rights under color of law.

    WHEREFORE, the Plaintiff, ELLISON, prays that this Honorable Court:

    A.  Award compensatory damages to Plaintiff against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers, jointly and severally.

    B.  Award punitive damages against the Defendants individually.

    C.  Award reasonable attorney's fees and costs to the Plaintiff.

    D.  Award to Plaintiff such other and further relief as this Court may deem proper and just.

## COUNT IV - CONSPIRACY TO VIOLATE CIVIL RIGHTS §1983
### (Individual Sheriff's Deputies)

59. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

60. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, punished Plaintiff for his refusal to exit his cell and requesting a "white shirt," so that he could make a complaint against Defendant BAILEY.

7

61. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, beat Plaintiff about the head and body, lifted him by his handcuffed arms and slammed him into the concrete floor.

62. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, caused Plaintiff to suffer great bodily injury.

63. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to cover-up and ratify their prior wrongful and/or unlawful conduct, as described above.

64. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to deprive Plaintiff of his due-process rights.

65. Depriving Plaintiff due process of law was an operative factor in the cover-up and conspiracy of Defendants DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES.

66. Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County of Correctional officers for conspiracy to violate his constitutional rights under color of law.

WHEREFORE, the Plaintiff, ELLISON, prays that this Honorable Court:

A. Award compensatory damages to Plaintiff against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County of Correctional officers, jointly and severally.

B. Award punitive damages against the Defendants individually.

C. Award reasonable attorney's fees and costs to the Plaintiff.

D. Award to Plaintiff such other and further relief as this Court may deem proper and just.

8

## COUNT V - CONSPIRACY TO VIOLATE CIVIL RIGHTS §1985
### (Individual Sheriff's Deputies)

67. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

68. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, punished Plaintiff for his refusal to exit his cell and requesting a "white shirt" so that he could make a complaint against Defendant, BAILEY.

69. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to deprive Plaintiff of the due process of law and equal protection under the law, as described above.

70. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY beat Plaintiff about the head and body.

71. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY caused Plaintiff to suffer bodily injury.

72. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to deprive Plaintiff of his due-process rights.

73. Depriving Plaintiff due process of law and equal protection under the law was an operative factor in the cover-up and conspiracy of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES.

74. Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. §1985 against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers for conspiracy to violate his constitutional rights under color of law.

WHEREFORE, the Plaintiff ELLISON prays that this Honorable Court:

A. Award compensatory damages to Plaintiff against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers, jointly and severally.

B. Award punitive damages against the Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, individually.

9

C.      Award reasonable attorney's fees and costs to the Plaintiff.

D.      Award to Plaintiff such other and further relief as this Court may deem proper and just.

## COUNT VI - VIOLATION OF CIVIL RIGHTS
### (County of Cook)

75. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

76. Prior to September 28, 2004, Defendant, COUNTY OF COOK, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the COUNTY OF COOK, which caused the violations of Plaintiffs' rights.

77. Defendant, COUNTY OF COOK, encouraged the above-described misconduct of its officers and staff, including Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers and officials, by failing to protect ELLISON from cruel and unusual punishment.

78. On information and belief, it was the policy and/or custom of Defendant, COUNTY OF COOK, to inadequately and improperly investigate complaints by inmates, and said acts of misconduct were, instead, tolerated by Defendant, COUNTY OF COOK.

79. On information and belief, it was the policy and/or custom of Defendant, COUNTY OF COOK, to inadequately supervise and train its correctional officials, including the defendant correctional officers, thereby failing to adequately discourage further constitutional violations on the part of its doctors, staff and correctional officials.

80. On information and belief, the Defendant, COUNTY OF COOK, did not require appropriate in-service training or re-training of its doctors, staff and correctional officers who were known to have engaged in misconduct.

81. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the COUNTY OF COOK, to the constitutional rights of persons within the COUNTY OF COOK and were the cause of the violations of Plaintiff's rights alleged herein.

10

82.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant, COUNTY OF COOK, for violation of his constitutional rights under color of law.

WHEREFORE, the Plaintiff, ELLISON, prays that this Honorable Court will:

A.    Award compensatory damages to Plaintiff and against the Defendant, COUNTY OF COOK.

B.    Award reasonable attorney's fees and costs to the Plaintiff.

C.    Award to Plaintiff such other and further relief as this Court may deem proper and just.

## COUNT VII - VIOLATION OF ILLINOIS LAW
### ( Assault and Battery)

83.    Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

84.    Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, assaulted and battered Plaintiff, GARY ELLISON.

85.    The actions of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, as described above constituted wilful and wanton misconduct in that the said actions were committed with deliberate and/or reckless disregard for Plaintiff's safety and well-being.

86.    As a direct result of this assault and battery, Plaintiff suffered damages as aforesaid.

87.    Plaintiffs claim damages for the injuries set forth above under Illinois common law against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES.

WHEREFORE, the Plaintiff, GARY ELLISON, prays this Honorable Court:

A.    Award compensatory damages to Plaintiff and against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, jointly and severally;.

B.   Award punitive damages to Plaintiff and against the Defendants DEPUTY
     SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES,
     jointly and severally.

C.   Award reasonable attorneys fees and costs to the Plaintiff.

D.   Award to Plaintiff such other and further relief as this Court may deem
     proper and just.

## COUNT VIII - VIOLATION OF ILLINOIS LAW
### (Intentional Infliction of Emotional Distress)

88. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

89. The acts and/or omissions of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY
    and UNKNOWN SHERIFF'S DEPUTIES, as described above, were extreme and
    outrageous in kind and in nature.

90. The acts and/or omissions of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY
    and UNKNOWN SHERIFF'S DEPUTIES, described above were done with a wilful
    and wanton disregard for Plaintiff's safety.

91. As a direct result of the acts and/or omissions of Defendants,, DEPUTY SHERIFF
    JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES described above,
    Plaintiff suffered damages as described above, including but not limited to severe
    emotional distress.

WHEREFORE, the Plaintiff prays that this Honorable court:

A.   Award compensatory damages to Plaintiff, and against the Defendants,
     DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S
     DEPUTIES, jointly and severally.

B.     Award punitive damages to Plaintiff, and against the Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, jointly and severally.

C.     Award reasonable attorneys' fees and costs to the Plaintiff.

D.     Award to Plaintiff such other and further relief as this Court may deem proper and just.

Respectfully submitted,

The Law Offices of Anderson J. Ward, P.C.

One of Plaintiff's Attorneys

Letheal N. Johnson  (IL #6256150)
Anderson J. Ward  (IL #6212303)
The Law Offices of Anderson J. Ward, P.C.
8519 W. 191st. Street, Suite 29
Mokena, IL 60448-8443
Tel: (815) 806-1118

13