# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GARY ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 6236 |
| ) | |
| v. ) | Judge David Coar |
| ) | |
| COOK COUNTY SHERIFF MICHAEL F. ) | |
| SHEAHAN, individually and in his official ) | |
| Capacity, COUNTY OF COOK, a body politic unit ) | |
| Of local government, DEPUTY SHERIFF JOHN ) | |
| DOE BAILEY, individually and in his official ) | |
| Capacity, and UNKNOWN DEPUTY SHERIFFS ) | |
| Individually and in their official capacities, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendants, Deputy Sheriff John Doe Bailey, and Unknown Deputy Sheriffs, through their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Assistant State's Attorney Jack G. Verges, and, answers Plaintiff's Complaint as follows:

## PARTIES

1.  Plaintiff, GARY ELLISON ("ELLISON"), is a United States citizen and has been a resident and citizen of the State of Illinois at all times relevant to this action. At the time of the conduct complained of,. ELLISON was a detainee of the Cook County Department of Corrections, Division XI, which is located at 3015 South California, Chicago, Illinois.

    **ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's admit the allegations contained in paragraph one.

2.  Defendant, COOK COUNTY SHERIFF MICHAEL F. SHEAHAN, was at all time relevant hereto an employee of the COUNTY OF COOK, with the ultimate responsibility for managing the Cook County Department of Corrections and its

employees.

ANSWER:    An answer is not required by virtue of the dismissal of this defendant.


3.    Defendant, COUNTY OF COOK, was, at all times relevant hereto, a body politic unit
of local government that employs correctional officers and medical staff at a
correctional facility unit identified herein as the Cook County Department of
Corrections and a medical facility identified herein as Cermak Health Services, and is
responsible for the employment, training and supervision of Cook County correctional
officers, Cook County correctional department medical staff and the individual
Defendants in this action.

ANSWER:    An answer is not required by virtue of the dismissal of this defendant.


4.    Defendant, JOHN DOE BAILEY, a Cook County Correctional officer, the complete
identity and number of whom is presently unknown to the Plaintiff, was, at all times
relevant hereto, a Cook County Correctional officer acting under color of law, to wit,
under color of the statutes, ordinances, regulations, policies, customs and usages of the
State of Illinois and the COUNTY OF COOK.   This action is brought against the
Defendant individually and in his official capacity.

ANSWER:    Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy
Sheriff's deny the allegations contained in paragraph four. An answer for Cook County
Sheriff Michael F. Sheahan and Cook County is not required by virtue of the dismissal of
this defendant.


5.    Defendants, UNKNOWN Cook County Correctional officers and officials, the identity
and number of whom is presently unknown to the Plaintiff, were, at all times relevant
hereto, Cook County Corrections officers, employees and officials acting under color
of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and
usages of the State of Illinois and the COUNTY OF COOK.   This action is brought
against these Defendants individually and in their official capacities.

ANSWER:    Defendants Unknown Cook County Corrections Officers deny the
allegations contained in paragraph five.

## **JURISDICTION**

6.     This is an action for money damages in the amount of $500,000.00, brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution and under the common law of the State of Illinois.

**ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's admit the allegations contained in paragraph six.

7.     Jurisdiction is based upon 28 U.S.C. §§1331 and 1343.

**ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's admit the allegations contained in paragraph seven.

8.     Pursuant to 28 U.S.C. §1367, the supplemental jurisdiction of this Court is invoked over all other claims that are so related to claims in this action within the Court's original jurisdiction.

**ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph eight.

9.     Various acts and omissions alleged herein were engaged in and carried out by, between and among Defendant, SHERIFF'S DEPUTY JOHN DOE BAILEY, while said defendant was employed as a member of the COUNTY OF COOKDEPARTMENTOF CORRECTIONS, and/or while officials, responsible forthe administration, supervision and control of said municipal or local governmental unit.

**ANSWER**:     Defendants Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph nine.

10.     Various acts and omissions alleged herein were engaged in and carried out by, between and among Defendants, UNKNOWN SHERIFF'S DEPUTIES, while said defendants were employed as members of the COOK COUNTY DEPARTMENT OF CORRECTIONS and/or while officials, responsible for the administration, supervision and control of said municipal or local governmental unit.

**ANSWER**:     Defendant Unknown Deputy Sheriff's deny the allegations contained in paragraph ten.

11. Various acts and omissions alleged herein were committed as a result of governmental custom, practice and policy, which were so permanent and well-settled that it constituted custom, practice or policy which had the force of law.

**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph eleven.

## **VENUE**

12. Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Section 1391 (b).

**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's admit the allegations contained in paragraph twelve.

## **STATEMENT OF FACTS**

13. ELLISON was a detainee in the Cook County Department of Corrections and placed in Division XI, Pod CG.

**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's admit the allegations contained in paragraph thirteen.

14. ELLISON was moved from Pod CG to Pod DD because his cell door would not lock.

**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen.

15. ELLISON, unfamiliar with mandatory recreation procedures on Pod DD requested no recreation.

**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen.

16. ELLISON was moved from DD to segregation for one day and then to Pod BF, the Pod where older males for two weeks detainees are held.

**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy

Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen.

17.     ELLISON subsequently was moved on to Pod DD.

   **ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen.

18.     ELLISON suddenly, and without notice, was moved to another Pod within Division XI.

   **ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen.

19.     ELLISON was not given an opportunity to remove all of his personal belongings, consisting of clothing, underwear and toiletries before he was moved.

   **ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen.

20.     ELLISON was told to request his personal belongings from a "white shirt," i.e., a commanding officer on the Pod. ELLISON made the request for several days without receiving his belongings.

   **ANSWER**:     Defendants Deputy Sheriff John Doe Bailey, and Unknown Deputy Sheriff's deny the allegations contained in paragraph twenty.

21.     ELLISON made a request to the Pod's wing officer BAILEY to retrieve his belongings.

   **ANSWER**:     Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph twenty-one.

22.     BAILEY told ELLISON that he would get his belongings each day for four days; however, each day BAILEY failed to deliver ELLISON'S personal property.

   **ANSWER**:     Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-two.

23. On October 28, 2004, ELLISON asked BAILEY about his failure to retrieve his personal belongings as requested.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-three.

24. BAILEY became violently angry.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's denies the allegations contained in paragraph twenty-four.

25. As ELLISON stood near door of his cell, BAILEY armed with a wooden broom handle with a sharp end, began to shove the stick through the "chuck hole" striking ELLISON in the chest with the sharp pointed end.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-five.

26. ELLISON fell back into his cell writhing in pain from the injury.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-six.

27. BAILEY then ordered ELLISON out of his cell.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-seven.

28. ELLISON refused and requested that BAILEY'S superior officer, a "white shirt," be summoned so that he could make a complaint.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-eight.

29. BAILEY then attacked ELLISON, beating him about the head and body with his fist and feet.

    **ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph twenty-nine.

30. ELLISON, in fear for his life, began to yell and scream.
**ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph thirty.

31. BAILEY grabbed ELLISON by his arms and slammed him into the cell door.
**ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph thirty-one.

33. ELLISON temporarily lost consciousness and awoke to being handcuffed with his arms behind his back.
**ANSWER**: Defendant Deputy Sheriff John Doe Bailey denies the allegations contained in paragraph thirty-three.

34. BAILEY was joined by four UNKNOWN SHERIFF'S DEPUTIES who assisted BAILEY in assaulting and battering ELLISON.
**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph thirty-four.

35. BAILEY and the UNKNOWN SHERIFF'S DEPUTIES attacked and continued to beat ELLISON by lifting him up by his handcuffed arms and slamming him head first into the concrete floor of the jail.
**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph thirty-five.

36. The DEPUTIES slammed ELLISON into the floor several times causing severe injuries

to his face and head.
**ANSWER**: Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph thirty-six.

37. ELLISON was taken to Cermak Health Services in the late evening after his attack.
**ANSWER**: Defendant Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven.

38.    In the early morning hours ELLISON was taken to John Stroger Cook County
       HOSPITAL by ambulance for emergency medical treatment. At Stroger Hospital,
       ELLISON was treated for a fractured eye socket, various lacerations to his head and
       face, and bruises about his body.
       **ANSWER**:    Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy
       Sheriff's are without knowledge or information sufficient to form a belief as to the truth of
       the allegations contained in paragraph thirty-eight.

39.    The actions of DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S
       DEPUTIES were deliberate and calculated to cause harm to the Plaintiff.
       **ANSWER**:    Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy
       Sheriff's deny the allegations contained in paragraph thirty-nine.

40.    As a direct and proximate result of said acts of the Defendants DEPUTY SHERIFF
       JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Plaintiff suffered the
       following injuries and damages:
       a.    Violation of his constitutional rights under the Eighth and Fourteenth
             Amendments to the Constitution for cruel and unusual punishment.
       b.    Physical pain and suffering, humiliation and embarrassment, and emotional
             trauma and suffering, requiring medical treatment.
       **ANSWER**:    a.    Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy
                            Sheriff's deny the allegations contained in paragraph 40a.
                      b.    Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy
                            Sheriff's deny the allegations contained in paragraph 40b.

42.    The actions of the Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and
       UNKNOWN SHERIFF'S DEPUTIES, violated the following clearly established and
       well-settled constitutional rights of the Plaintiff:
       a.    No cruel or unusual punishment.
       b.    Freedom from the use of excessive, unreasonable and unjustified force
             against his person.
       c.    Freedom from punishment without due process of law.

**ANSWER**:    a.      Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph 42a.

                b.      Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph 42b.

                c.      Defendants Deputy Sheriff John Doe Bailey and Unknown Deputy Sheriff's deny the allegations contained in paragraph 42c.

## COUNT I - EXCESSIVE FORCE
### (Deputy Sheriff John Doe Bailey)

43.    Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

    **ANSWER**:    Defendants incorporate earlier answers in paragraphs one thru forty-two.

44.    Defendant, DEPUTY JOHN DOE SHERIFF BAILEY, assaulted and battered Plaintiff, without justification or provocation.

    **ANSWER**:    Defendant denies the allegations contained in paragraph forty-four.

45.    Defendant, BAILEY, stuck Plaintiff with a sharp wooden stick.

    **ANSWER**:    Defendant denies the allegations contained in paragraph forty-five.

46.    Defendant, BAILEY, beat Plaintiff about the head and body.

    **ANSWER**:    Defendant denies the allegations contained in paragraph forty-six.

47.    The force used by Defendant against Plaintiff was excessive and unreasonable.

    **ANSWER**:    Defendant denies the allegations contained in paragraph forty-seven.

48.    Defendant inflicted and caused Plaintiff to suffer bodily injury.

    **ANSWER**:    Defendant denies the allegations contained in paragraph forty-eight.

49.    Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants for violations of his constitutional rights under color of law.

    **ANSWER**:    Defendants deny the allegations contained in paragraph forty-nine.

## COUNT II - EXCESSIVE FORCE
### (Individual Sheriffs Deputies)

50.     Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

    **ANSWER**:     Defendants incorporate earlier answer in paragraphs one thru forty-two.

51.     Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFFS DEPUTIES, assaulted and battered Plaintiff, without justification or provocation.

    **ANSWER**:     Defendants deny the allegations contained in paragraph fifty-one.

52.     Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFFS DEPUTIES, slammed Plaintiff s face into the concrete shattering his eye socket.

    **ANSWER**:     Defendants deny the allegations contained in paragraph fifty-two.

53.     The force used by Defendants against Plaintiff was excessive and unreasonable.

    **ANSWER**:     Defendants deny the allegations contained in paragraph fifty-three.

54.     Defendants inflicted and caused Plaintiff to suffer bodily injury.

    **ANSWER**:     Defendants deny the allegations contained in paragraph fifty-four.

55.     Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants for violations of his constitutional rights under color of law.

    **ANSWER**:     Defendants deny the allegations contained in paragraph fifty-five.

## COUNT III - VIOLATION OF CIVIL RIGHTS
### (Individual Sheriffs Deputies)

56.     Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

    **ANSWER**:     Defendants incorporate earlier answer in paragraphs one thru forty-two.

57.     Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, of the Cook County Department of Corrections, knowingly and willfully denied Plaintiff, ELLISON, reasonable and adequate protections from violations of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

ANSWER:     Defendants deny the allegations contained in paragraph fifty-seven.

58.   Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers, for violations of his constitutional rights under color of law.

**ANSWER**:     Defendants deny the allegations contained in paragraph fifty-eight.

### COUNT IV - CONSPIRACY TO VIOLATE CIVIL RIGHTS §1983
### (Individual Sheriffs Deputies)

59.   Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

**ANSWER**:     Defendants incorporate earlier answer in paragraphs one thru forty-two.

60.   Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, punished Plaintiff for his refusal to exit his cell and requesting a "white shirt," so that he could make a complaint against Defendant BAILEY.

**ANSWER**:     Defendants deny the allegations contained in paragraph sixty.

61.   Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, beat Plaintiff about the head and body, lifted him by his handcuffed arms and slammed him into the concrete floor.

**ANSWER**:     Defendants deny the allegations contained in paragraph sixty-one.

62.   Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, caused Plaintiff to suffer great bodily injury.

**ANSWER**:     Defendants deny the allegations contained in paragraph sixty-two.

63.   Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to cover-up and ratify their prior wrongful and/or unlawful conduct, as described above.

**ANSWER**:     Defendants deny the allegations contained in paragraph sixty-three.

64. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to deprive Plaintiff of his due-process rights.
   **ANSWER**:    Defendants deny the allegations contained in paragraph sixty-four.

65. Depriving Plaintiff due process of law was an operative factor in the cover-up and conspiracy of Defendants DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES.
   **ANSWER**:    Defendants deny the allegations contained in paragraph sixty-five.

66. Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County of Correctional officers for conspiracy to violate his constitutional rights under color of law.
   **ANSWER**:    Defendants deny the allegations contained in paragraph sixty-six.

## COUNT V - CONSPIRACY TO VIOLATE CIVIL RIGHTS §1985
### (Individual Sheriffs Deputies)

67. Paragraphs 1-42, are incorporated herein by reference as though fully set forth.
   **ANSWER**:    Defendants incorporate earlier answer in paragraphs one thru forty-two.

68. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, punished Plaintiff for his refusal to exit his cell and requesting a "white shirt" so that he could make a complaint against Defendant, BAILEY.
   **ANSWER**:    Defendants deny the allegations contained in paragraph sixty-eight.

69. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, conspired to deprive Plaintiff of the due process of law and equal protection under the law, as described above.
   **ANSWER**:    Defendants deny the allegations contained in paragraph sixty-nine.

70. Defendants, DEPUTY SHERIFF JOHN DOE BAILEY beat Plaintiff about the head and body.
   **ANSWER**:    Defendants deny the allegations contained in paragraph seventy.

71.     Defendants, DEPUTY SHERIFF JOHN DOE BAILEY caused Plaintiff to suffer
        bodily injury.
        **ANSWER**:     Defendants deny the allegations contained in paragraph seventy-one.


72.     Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S
        DEPUTIES, conspired to deprive Plaintiff of his due-process rights.
        **ANSWER**:     Defendants deny the allegations contained in paragraph seventy-two.


73.     Depriving Plaintiff due process of law and equal protection under the law was an
        operative factor in the cover-up and conspiracy of Defendants, DEPUTY SHERIFF
        JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES.
        **ANSWER**:     Defendants deny the allegations contained in paragraph seventy-three.


74.     Plaintiff, ELLISON, claims damages for the injuries set forth above under 42 U.S.C.
        §1985 against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and
        UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers for
        conspiracy to violate his constitutional rights under color of law.
        **ANSWER**:     Defendants deny the allegations contained in paragraph seventy-four.


### COUNT VI - VIOLATION OF CIVIL RIGHTS
### (County of Cook)

75.     Paragraphs 1-42, are incorporated herein by reference as though fully set forth.
        ANSWER:     Defendants incorporate earlier answer in paragraphs one thru forty-two.


76.     Prior to September 28, 2004, Defendant, COUNTY OF COOK, developed and
        maintained policies or customs exhibiting deliberate indifference to the constitutional rights
        of persons in the COUNTY OF COOK, which caused the violations of Plaintiffs'
        rights.
        **ANSWER**:     An answer is not required by virtue of dismissal of this defendant.

77. Defendant, COUNTY OF COOK, encouraged the above-described misconduct of its officers and staff, including Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, Cook County Correctional officers and officials, by failing to protect ELLISON from cruel and unusual punishment.

**ANSWER**: An answer is not required by virtue of dismissal of this defendant.

78. On information and belief, it was the policy and/or custom of Defendant, COUNTY OF COOK, to inadequately and improperly investigate complaints by inmates, and said acts of misconduct were, instead, tolerated by Defendant, COUNTY OF COOK.

**ANSWER**: An answer is not required by virtue of dismissal of this defendant.

79. On information and belief, it was the policy and/or custom of Defendant, COUNTY OF COOK, to inadequately supervise and tram its correctional officials, including the defendant correctional officers, thereby failing to adequately discourage further constitutional violations on the part of its doctors, staff and correctional officials.

**ANSWER**: An answer is not required by virtue of dismissal of this defendant..

80. On information and belief, the Defendant, COUNTY OF COOK, did not require appropriate in-service training or re-training of its doctors, staff and correctional officers who were known to have engaged hi misconduct.

**ANSWER**: An answer is not required by virtue of dismissal of this defendant.

81. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the COUNTY OF COOK, to the constitutional rights of persons within the COUNTY OF COOK and were the cause of the violations of Plaintiffs rights alleged herein.

**ANSWER**: An answer is not required by virtue of dismissal of this defendant.

82. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant, COUNTY OF COOK, for violation of his constitutional rights under color of law.

**ANSWER**: An answer is not required by virtue of dismissal of this defendant.

## COUNT VII - VIOLATION OF ILLINOIS LAW
### (Assault and Battery)

83.     Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

      **ANSWER**:     Defendants incorporate earlier answers in paragraphs one thru forty-two.

84.     Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S

      DEPUTIES, assaulted and battered Plaintiff, GARY ELLISON.

      **ANSWER**:     Defendants deny the allegations contained in paragraph eighty-four.

85.     The actions of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and

      UNKNOWN SHERIFF'S DEPUTIES, as described above constituted willful and

      wanton misconduct in that the said actions were committed with deliberate and/or

      reckless disregard for Plaintiffs safety and well-being.

      **ANSWER**:     Defendants deny the allegations contained in paragraph eighty-five.

86.     As a direct result of this assault and battery, Plaintiff suffered damages as aforesaid.

      **ANSWER**:     Defendants deny the allegations contained in paragraph eighty-six.

87.     Plaintiffs claim damages for the injuries set forth above under Illinois common law

      against Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN

      SHERIFF'S DEPUTIES.

      **ANSWER**:     Defendants deny the allegations contained in paragraph eighty-seven.

## COUNT VIII - VIOLATION OF ILLINOIS LAW
### (Intentional Infliction of Emotional Distress)

88.     Paragraphs 1-42, are incorporated herein by reference as though fully set forth.

      **ANSWER**:     Defendants incorporate earlier answer in paragraphs one thru forty-two.

89.     The acts and/or omissions of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY

      and UNKNOWN SHERIFF'S DEPUTIES, as described above, were extreme and

      outrageous in kind and in nature.

**ANSWER**: Defendants deny the allegations contained in paragraph eighty-nine.

90. The acts and/or omissions of Defendants, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES, described above were done with a wilful and wanton disregard for Plaintiffs safety.

**ANSWER**: Defendants deny the allegations contained in paragraph ninety.

91. As a direct result of the acts and/or omissions of Defendants,, DEPUTY SHERIFF JOHN DOE BAILEY and UNKNOWN SHERIFF'S DEPUTIES described above, Plaintiff suffered damages as described above, including but not limited to severe emotional distress.

**ANSWER**: Defendants deny the allegations contained in paragraph ninety-one.

**AFFIRMATIVE DEFENSES**

Defendants Sheahan, County of Cook, John Doe Bailey, and Unknown Deputy Sheriffs, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, JACK G. VERGES, in further response to the Plaintiff's complaint and in the alternative, affirmatively states as follows:

**FIRST AFFIRMATIVE DEFENSE:** Defendants John Doe Bailey and Unknown Deputy Sheriffs did not violate any of Plaintiff's clearly established constitutional rights, and defendants are therefore entitled to qualified immunity from plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE:** Plaintiff's injuries, if any, were caused by his own actions.

**THIRD AFFIRMATIVE DEFENSE:** Assuming this is a suit against John Doe Bailey and Unknown Deputy Sheriffs in their individual capacity, Defendants are entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:** Plaintiff failed to exhaust all Administrative remedies pursuant to 42 U.S.C. § 1997(e).

**JURY DEMAND:**     Defendants respectfully requests a trial by jury.


WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees.  Defendants pray that this honorable Court grant judgment in their favor and against Plaintiff on all aspects of his complaint and further requests that this Honorable Court grant Defendants fees, costs, and such other belief that this Court deems just and appropriate.


Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County


By: /s/ Jack G. Verges
   JACK G. VERGES
   Assistant State's Attorney
   500 Richard J. Daley Center
   Chicago, IL  60602
   (312) 603-3469
   # 6186215